IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JONATHAN BEATTIE and
HEATHER BEATTIE,

                Plaintiffs,

v.                                            CIVIL ACTION NO. 3:12-2528

SKYLINE CORPORATION, a foreign corporation,
CMH HOMES INC., d/b/a LUV HOMES #760 and
VANDERBILT MORTGAGE AND FINANCE, INC.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiffs' motion to exclude evidence and/or to compel discovery as to Defendants CMH Homes, Inc. and Vanderbilt Mortgage and Finance, Inc. (ECF No. 42). In this motion, Plaintiffs state that Defendants[1] did not comply with deadlines regarding disclosure and discovery, and request that Defendants be prohibited from using any information or witness to supply evidence on a motion, at a hearing, or at trial. Plaintiffs also request that Defendants be ordered to pay fees and costs for prosecuting this motion and obtaining disclosure and discovery. Defendants filed a response opposing the motion. ECF No. 54. Magistrate Judge Cheryl A. Eifert issued an order denying the motion as moot, to the extent that the motion requested that the Court compel Defendants to produce the disclosures and discovery. ECF No.

---

[1] Although additional defendants are named in this case, "Defendants" as used in this Memorandum Opinion and Order refers solely to CMH Homes and Vanderbilt Mortgage and Finance.

1

55. The request was moot because Defendants had already served the requested discovery responses and disclosures. ECF Nos. 43-46.[2]

Rule 37(c)(1) of the Federal Rules of Civil Procedure states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." This District has explained the burden of satisfying the Rule as follows:

> The burden to show justification or harmlessness under Rule 37(c) lies with the party facing sanctions. [*Southern States Rack & Fixture, Inc. v. Sherwin–Williams Co.,* 318 F.3d 592, 596 (4th Cir. 2003)] (*citing Wilson v. Bradlees of New England, Inc.,* 250 F.3d 10, 21 (1st Cir. 2001)). In determining whether that party has carried its burden, the following factors should be considered: ["](1) the surprise to the party against whom the evidence would be offered; (2) the ability of the party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.["] *Southern States,* 318 F.3d at 597.

*Printing Press, Ltd. v. Presstek, Inc.*, No. 2:08-cv-80, 2009 WL 36505, at *2 (S.D. W. Va. Jan. 6, 2009).

Defendants have shown that their delay in providing Rule 26(a)(1) disclosures was harmless. Plaintiffs received the disclosures as requested, albeit several months late. Although the deadline for Rule 26(a)(1) disclosures was set for October 1, 2012, and that deadline was never extended, a new scheduling order was entered on April 19, 2013. ECF No. 59. With that new scheduling order, trial was moved from August 27, 2013 to March 25, 2014. Given this change of dates, no trial was disrupted, and Plaintiffs were not prejudiced in preparing for trial.

---

[2] CMH Homes also filed supplemental responses on April 8, 2013. ECF No. 56.

Defendants also meet their burden regarding their written discovery responses. Defendants provided a rational explanation for why they did not timely file the responses, and submitted an affidavit in support of this explanation. Furthermore, given the new scheduling order, Plaintiffs have not been prejudiced by the delay. Therefore, the Court **DENIES** Plaintiffs' request for exclusion of any evidence.

Although Defendants explain their failure to timely file responses to Plaintiffs' discovery requests, it is somewhat troubling that Defendants do not attempt to explain why they delayed for several months in providing Rule 26(a)(1) disclosures. The only reason that Plaintiffs ended up not facing prejudice is because the trial date was reset. The rescheduling of the trial, however, does not excuse Defendants' delay. Therefore, the Court **GRANTS in part** the motion, only to the extent it requests costs and fees associated with prosecuting this motion. The Court therefore **DIRECTS** Plaintiffs' counsel to submit by **May 23, 2013** a memorandum outlining the fees and costs for prosecuting this motion. The remainder of the motion is **DENIED**.

Defendants also explain in their response that they have not waived their objections to Plaintiffs' written discovery, apparently discussing this issue because of recent conversations with Plaintiffs' counsel. Plaintiffs have not stated in any filing thus far that Defendants waived objections, and so it would be premature for the Court to discuss waiver at this point.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: May 16, 2013

ROBERT C. CHAMBERS, CHIEF JUDGE