IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**JONATHAN BEATTIE**, and
**HEATHER BEATTIE,**

    **Plaintiffs,**

v.                                                                                        Case No.:  3:12-cv-02528

**SKYLINE CORPORATION,**
a foreign Corporation,
**CMH HOMES, INC.,** d/b/a Luv Homes #760,
and **VANDERBILT MORTGAGE
AND FINANCE INC.,**

    **Defendants,**
_____

**CMH HOMES, INC.,**

    **Third-Party Plaintiff,**

v.

**BOB'S HOME SERVICES, LLC,**

    **Third-Party Defendant.**

### MEMORANDUM OPINION AND ORDER

    Pending is the Motion of Defendant Vanderbilt Mortgage and Finance, Inc. ("VMF") for Protective Order. (ECF No. 162). Plaintiffs have filed a memorandum in opposition to the motion, (ECF No. 195), and VMF has replied. (ECF No. 201). Therefore, the matter is fully briefed. For the reasons that follow, the Court **GRANTS**, in part, and **DENIES,** in part, the motion for protective order.

## I. Relevant Facts

Plaintiffs Jonathan and Heather Beattie filed this lawsuit after they purchased a new Skyline Corporation mobile home from CMH Homes in the Fall of 2007. According to the Beatties, the mobile home was defective and damaged when delivered, and was improperly installed. Although the Beatties rejected it, the Defendants refused to repair the mobile home, or take it back and refund the Beatties' money. The Beatties claim that VMF, the financing company, was aware of the problems with the mobile home and acted unconscionably by inducing them to enter into the financial transaction subsidizing the sale of the mobile home.

Plaintiffs served Defendant VMF with an Amended Notice of Rule 30(b)(6) Deposition that included fourteen (14) topics of inquiry and two document requests. (ECF No. 107). VMF objected to some portions of the notice, so counsel for the parties attempted to resolve their differences.[1] However, after discussing the matter over the telephone and meeting in person, the parties were unable to agree on the scope of the deposition. Therefore, VMF filed the instant motion for protective order, requesting the Court to enter an order prohibiting Plaintiffs from asking VMF's corporate designee questions regarding eight of the fourteen topics, and excusing VMF from complying with one of the document requests.

## II. Controlling Legal Principles

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location

---

[1] VMF refers to various exhibits in its motion for protective order, but no exhibits were attached to the motion or the supporting memorandum. Therefore, the undersigned could not consider them.

of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter ... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Although the Federal Rules of Civil Procedure do not define what is "relevant," Rule 26(b)(1) makes clear that relevancy in discovery is broader than relevancy for purposes of admissibility at trial.[2] *Caton v. Green Tree Services, LLC,* Case No. 3:06-cv-75, 2007 WL 2220281, at *2 (N.D.W.Va. Aug. 2, 2007) (the "test for relevancy under the discovery rules is necessarily broader than the test for relevancy under Rule 402 of the Federal Rules of Evidence"); *Carr v. Double T Diner,* 272 F.R.D. 431, 433 (D.Md. 2010) ("The scope of relevancy under discovery rules is broad, such that relevancy encompasses any matter that bears or may bear on any issue that is or may be in the case"). For purposes of discovery, information is relevant, and thus discoverable, if it '"bears on, or ... reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case. Although 'the pleadings are the starting point from which relevancy and discovery are determined ... [r]elevancy is not limited by the exact issues identified in the pleadings, the merits of the case, or the admissibility of discovered information.'" *Kidwiler v. Progressive Paloverde Ins. Co.,* 192 F.R.D. 193, 199 (N.D.W.Va. 2000) (internal citations omitted). Depending upon the needs of the particular case, "the general subject matter of the litigation governs the scope of relevant information for discovery purposes." *Id.* The party resisting discovery, not the party seeking discovery, bears the burden of persuasion. *See Kinetic Concepts,*

---

[2] Under the Federal Rules of Evidence, relevant evidence is 'evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.' *Boykin Anchor Co., Inc. v. Wong,* Case No. 5:10-cv-591-FL, 2011 WL 5599283 at * 2 (E.D.N.C. Nov. 17, 2011) (*citing United Oil Co., v. Parts Assocs., Inc,* 227 F.R.D. 404. 409 (D.Md. 2005)).

3

*Inc. v. ConvaTec Inc.,* 268 F.R.D. 226, 243–44 (M.D.N.C. 2010)(citing *Wagner v. St. Paul Fire & Marine Ins. Co.,* 238 F.R.D. 418, 424–25 (N.D.W.Va. 2006).

Simply because information is discoverable under Rule 26, however, "does not mean that discovery must be had." *Schaaf v. SmithKline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005) (citing *Nicholas v. Wyndham Int'l, Inc.,* 373 F.3d 537, 543 (4th Cir. 2004)). For good cause shown under Rule 26(c), the court may restrict or prohibit discovery that seeks relevant information when necessary to protect a person or party from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). To succeed under the "good cause" standard of Rule 26(c), a party moving to resist discovery on the grounds of burdensomeness and oppression must do more to carry its burden than make conclusory and unsubstantiated allegations. *Convertino v. United States Department of Justice,* 565 F. Supp.2d 10, 14 (D.D.C. 2008).

In addition, Rule 26(b)(2)(C) requires the court, on motion or on its own, to limit the frequency and extent of discovery, when (1) "the discovery sought is unreasonably cumulative or duplicative;" (2) the discovery "can be obtained from some other source that is more convenient, less burdensome, or less expensive;" (3) "the party seeking the discovery has already had ample opportunity to collect the requested information by discovery in the action;" or (4) "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii). This rule "cautions that all permissible discovery must be measured against the yardstick of proportionality." *Lynn v. Monarch Recovery Management, Inc.,*

285 F.R.D. 350, 355 (D. Md. 2012) (quoting *Victor Stanley, Inc. v. Creative Pipe, Inc.,* 269 F.R.D. 497, 523 (D. Md. 2010)). To insure that discovery is sufficient, yet reasonable, district courts have "substantial latitude to fashion protective orders." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984).

### III.   Discussion

VMF first objects to topics 6, 7, and 8 of the Amended Notice of Deposition, arguing that these topics seek irrelevant information. Topics 6, 7, and 8 ask for testimony related to VMF's appraisal used to support the Beatties' loan; any investigation of the Beatties' ability to repay the loan; and VMF's general policies, guidelines, and practices to investigate and confirm a borrower's ability to repay a loan. Plaintiffs contend that VMF's motion should be denied for two reasons. First, Plaintiffs allege in the complaint that VMF induced them to enter into an unconscionable financial transaction. Accordingly, topics pertaining to their loan and to VMF's loan practices are relevant. Second, VMF fails to provide specific examples of harm that would result from answering the discovery, which is necessary to show cause for a protective order. Instead, VMF merely supplies boilerplate objections, which are tantamount to making no objection at all.

Contrary to Plaintiffs' assertion, the undersigned agrees with VMF that topics 6, 7, and 8 do not request relevant information and thus are not appropriate topics for a Rule 30(b)(6) deposition. While the complaint does include a few allegations regarding the financing of the mobile home, the core concerns from which all of the claims derive are the condition of the mobile home on delivery and its installation. This is not a case based on an alleged predatory loan, or fraudulent mortgage refinancing scheme. Plaintiffs state no factual allegations to suggest that absent the purported damage to and

improper installation of the mobile home, they would have asserted a claim against VMF for wrongdoing related to the financing of the home. As VMF points out, Plaintiff Jonathan Beattie testified that no one misled him about the price or cost of the mobile home, and he has no recollection of the events surrounding the closing. In addition, Plaintiff Heather Beattie confirmed that her problems with the home developed after completion of the sale. Finally, the only appraisal apparently performed in this case was of the land on which the mobile home sits, not of the home itself.

Although discovery is broad, it is not boundless. Discovery is limited to relevant matters. "Relevant matters" are those relating to the claims and defenses of the parties. *See Marfork Coal Co., Inc. v. Smith,* 274 F.R.D. 193, 203 (S.D.W.Va. 2011). A court may extend discovery to include issues touching on the general subject matter of the action, "depending on the circumstances of the case, the nature of the claims and defenses, and the scope of the discovery requested." *Id. (*citing Fed. R. Civ. P. 26(b)(1) 2000 Advisory Committee's Note). However, "parties have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." *Id.* In this case, Plaintiffs have not provided any basis for the discovery sought in topics 6, 7, and 8.

VMF next objects to topics 9, 10, 11, 12, 13, and 14, which require a corporate designee to discuss "[a]ny evidence that Vanderbilt intends to introduce at trial" regarding various issues in dispute. VMF does not contest the subject matter of the topics, so much as Plaintiffs' demand that the designee be prepared to disclose the evidence to be used at trial. In VMF's view, these topics are premature and inappropriate because they require VMF to be fully prepared for trial by the time of the deposition—well before any other party, and without the benefit of completed discovery. VMF also argues that the topics improperly invade the authority of the Court's

Scheduling Order, which does not require the parties to disclose trial exhibits until much later. VMF contends that it should not be forced to disclose its defenses prematurely; particularly, as it has not yet determined what evidence it intends to use at trial.

In response, Plaintiffs assert that the topics are relevant and, therefore, they can be discovered. Plaintiffs claim that VMF's argument of prematurity is without merit, although they provide no rationale or legal support for their position. Finally, Plaintiffs reiterate that VMF has failed to make the necessary showing to support good cause for a protective order.

The undersigned again agrees with VMF that topics 9 through 14 are flawed. The fundamental problems with these topics are that they seek case determinations rather than information, and they seek determinations that are commonly made by legal counsel rather than by corporate designees. *See Gulf Production Company, Inc. v. Hoover Oilfield Supply, Inc.,* Case Nos. 08-5016, 09-2779, 09-0104, 2011 WL 1791286, at *4 (E.D.La. May 9, 2011). The purpose of a Rule 30(b)(6) deposition is to obtain a corporation's knowledge and memory of the facts, its interpretation of key documents, and its opinions and positions on disputed factual issues. Instead of asking for that information, Plaintiffs request the strategy and work product of VMF's counsel. Plaintiffs offer no reason under the Rules of Civil Procedure that would entitle them to that information. Thus, these are not proper topics for a Rule 30(b)(6) deposition.

Finally, VMF objects to Plaintiffs' request for the production of documents, which states that "to the extent not previously produced during the course of discovery in this case, Vanderbilt shall produce at its deposition all documents ... reviewed and/or relied upon by its designated representative(s): (1) in preparation for the deposition; (2) in

7

preparing a report (if any); (3) in rendering an opinion in this case; and (4) in addressing any matter related to the subject home's performance or condition from its in-service date to the present." (ECF No. 107 at 3). According to VMF, the Court should prohibit Plaintiffs from obtaining the documents described in this request because it "would require VMF to produce documents protected by the work-product doctrine and the attorney-client privilege." (ECF No. 163 at 8). Alternatively, VMF asks the Court to require that the deposition transcript and all documents produced at the deposition be sealed and opened only by court order.

In response, Plaintiffs argue that VMF has not identified any documents that are privileged; accordingly, it is impossible to evaluate the validity of VMF's position. Plaintiffs also emphasize that VMF once again fails to carry its burden to make a good cause showing.

Federal Rule of Civil Procedure 26(b)(5) sets out the process a party must follow when withholding otherwise discoverable materials under a claim of privilege. Regardless of which method of discovery is employed by the inquiring party, when responding to a discovery request, the answering party may refuse to disclose information or documents that are privileged. The party claiming the privilege must expressly make the claim, and supply a privilege log as outlined in Rule 26(b)(5)(A)(ii). Given that this well-defined procedure is explicitly contained in the federal discovery rules, and adequately addresses VMF's concerns, there is no need for the Court to issue a protective order governing the documents produced at the deposition. VMF should simply follow the Rule in the case of any privileged documents.

## IV. Order

Wherefore, the Court **GRANTS**, in part, and **DENIES,** in part, the motion for protective order, as follows:

1. VMF's motion for protective order seeking to prohibit Plaintiffs from inquiring about topics 6, 7, 8, 9, 10, 11, 12, 13, and 14 is **GRANTED**; and

2. VMF's motion for protective order seeking to prohibit the production of documents is **DENIED**.

The Clerk is directed to provide a copy of this Order to counsel of record and any unrepresented party.

**ENTERED:** October 8, 2014

_____
Cheryl A. Eifert
United States Magistrate Judge