IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JONATHAN BEATTIE and
HEATHER BEATTIE,

          Plaintiffs,

v.                                                    CIVIL ACTION NO.   3:12-2528

SKYLINE CORPORATION, a foreign corporation,
CMH HOMES, INC., d/b/a LUV HOMES #760 and
VANDERBILT MORTGAGE AND FINANCE, INC.,

          Defendants,

v.

BOB'S HOME SERVICES, LLC,

          Third-Party Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are the following motions: CMH Homes, Inc. and Vanderbilt Mortgage and Finance, Inc.'s Motion to Exclude the Plaintiffs' Designated Expert (ECF No. 179), CMH Homes, Inc.'s Motion to Strike New Arguments or Motion for Leave to File Surreply (ECF No. 210), Bob's Home Services, LLC's Motion *in Limine* to Exclude Testimony Regarding the Number of Lag Bolts Used (ECF No. 234), Bob's Home Services, LLC's Motion *in Limine* to Exclude Testimony of Russell Robb (ECF No. 235), Plaintiffs' Motion *in Limine* Number One (ECF No. 236), Plaintiffs' Motion *in Limine* Number Two (ECF No. 237), Plaintiffs' Motion *in Limine* Number Three (ECF No. 238), CMH Homes, Inc. and Vanderbilt Mortgage and Finance,

Inc.'s Omnibus Motion *in Limine* (ECF No. 239), and Plaintiffs' Motion to Bifurcate Settlement Negotiations (ECF No. 244).

## I. Motions *in Limine*

For reasons appearing to the Court, Bob's Home Services, LLC's Motion *in Limine* to Exclude Testimony Regarding the Number of Lag Bolts Used (ECF No. 234) and Bob's Home Services, LLC's Motion *in Limine* to Exclude the Testimony of Russell Robb Regarding Adequacy of the Home Installation (ECF No. 235) are **DENIED AS MOOT**.

Plaintiffs' Motion *in Limine* to Exclude Evidence Not Produced During Discovery (ECF No. 236) is **GRANTED**, subject to the possibility of rebuttal evidence. Plaintiffs' Motion *in Limine* to Exclude Evidence of Attorney's Fees and Costs (ECF No. 237) and Plaintiffs' Motion *in Limine* to Limit the Introduction of Evidence Regarding Settlement Negotiations (ECF No. 238) are **GRANTED**. CMH and VMF's Omnibus Motion *in Limine* (ECF No. 239) has been taken under advisement.

## II. Motion to Exclude Plaintiffs' Expert

CMH and VMF's Motion to Exclude the Plaintiffs' Designated Expert (ECF No. 179) argues that Plaintiffs' expert, John M. Sadowski, a civil engineer, should not be permitted to testify at trial. The Court **DENIES** the Motion.

Mr. Sadowski is a civil engineer. His report, Exhibit A to Defendants' Motion, states that the "purpose of this investigation was to visually review construction of the home and render an engineering opinion on whether the manufactured home meets requirements" applicable to the home. His report describes the sources of information upon which he relied to offer his conclusion that the home was improperly installed, resulting in numerous defects which have not been corrected. Those sources include his visual inspection of the home and site, the installation

manual for this home, the observations of Plaintiffs, records of repairs and inspections by personnel from CMH and Skyline, and certain governmental standards. His report summarizes his findings under three categories of observed defects, i.e., those in the crawl space, in the home itself, and in the roof. He describes certain physical, observable characteristics in each area, compares what he found to the provisions of the installation manual, and explains how installation of the home, and subsequent repairs, failed to meet the manufacturer's instructions, thus violating governmental standards. He expresses his opinion that installation mistakes, particularly in the marriage line and pier supports, and poorly done repairs have led to numerous problems such as cracked ceilings, gaps, and sticking doors and windows. He concludes that the home fails to meet standards and warranties, and offers a "preliminary" estimate of what it would cost to repair the house.

Though he admits no training or experience with regard to manufactured housing, nor significant knowledge specifically related to manufactured housing, his qualifications as a civil engineer, with experience in the structural design of buildings and the construction of buildings, are sufficient. He is certainly qualified to inspect a manufactured house, review its installation manual, and critique repair work and the current conditions of the home and site. His methodology was sound, his findings and observations are subject to verification, and his conclusions are within the expertise of a civil engineer. Accordingly, the motion to exclude his testimony is **DENIED**.

### III.   Motion to Strike or to File Surreply

CMH moved to strike new arguments raised in Bob's reply brief on Bob's initial motion for summary judgment. Bob's motion to compel arbitration has been granted and Bob's has been

terminated as a party in this matter. Accordingly, CMH's Motion to Strike New Arguments or Motion for Leave to File Surreply (ECF No. 210) is **DENIED AS MOOT**.

### IV.     Motion to Bifurcate Settlement Negotiations

The parties in this matter have had multiple opportunities to negotiate a settlement. Trial is scheduled for January 6, 2014, leaving little time for further negotiations. Furthermore, Defendants oppose bifurcation and contend that they do not have an incentive to negotiate in two separate phases. For these reasons, the Court finds that bifurcated negotiations would not encourage settlement of this matter. Plaintiffs' Motion to Bifurcate Settlement Negotiations (ECF No. 244) is thus **DENIED**.

### Conclusion

For the foregoing reasons, CMH Homes, Inc. and Vanderbilt Mortgage and Finance, Inc.'s Motion to Exclude the Plaintiffs' Designated Expert (ECF No. 179) is **DENIED**. CMH Homes, Inc.'s Motion to Strike New Arguments or Motion for Leave to File Surreply (ECF No. 210) is **DENIED AS MOOT**. Bob's Home Services, LLC's Motion *in Limine* to Exclude Testimony Regarding the Number of Lag Bolts Used (ECF No. 234) and Bob's Home Services, LLC's Motion *in Limine* to Exclude Testimony of Russell Robb (ECF No. 235) are **DENIED AS MOOT**. Plaintiffs' Motion *in Limine* Number One (ECF No. 236), Plaintiffs' Motion *in Limine* Number Two (ECF No. 237), and Plaintiffs' Motion *in Limine* Number Three (ECF No. 238) are **GRANTED**. CMH Homes, Inc. and Vanderbilt Mortgage and Finance, Inc.'s Omnibus Motion *in Limine* (ECF No. 239) has been taken under advisement. Plaintiffs' Motion to Bifurcate Settlement Negotiations (ECF No. 244) is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

        ENTER:       December 22, 2014

        _____
        ROBERT C. CHAMBERS, CHIEF JUDGE