IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JONATHAN BEATTIE and
HEATHER BEATTIE,

                Plaintiffs,

v.                                CIVIL ACTION NO.   3:12-2528

CMH HOMES, INC., d/b/a LUV HOMES #760 and
VANDERBILT MORTGAGE AND FINANCE, INC.,

                Defendants,

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are the following motions: Plaintiff's Motion to Alter or Amend the Court's Memorandum Opinion and Order of December 19, 2014 (ECF No. 260), Joint Motion by CMH Homes, Inc., Vanderbilt Mortgage and Finance, Inc., and Plaintiffs to Alter or Amend this Court's December 19, 2014 Memorandum Opinion and Order, Order a Settlement Conference/Mediation, and Appoint a Mediator (ECF No. 273), and CMH Homes, Inc., Vanderbilt Mortgage and Finance, Inc.'s Motion to Strike Plaintiffs' Orally Amended Fraud and Unfair or Deceptive Acts or Practices Claims for Failure to Show Good Case Pursuant to Rule 16(b) and Failure to Plead Claims with Specificity (ECF No. 283).   For the reasons stated below, the Court **DENIES** each of these motions.

            **I.**        **Plaintiff's Motion to Alter or Amend the Court's Order**

The Court issued an order on December 19, 2014 resolving several motions for summary judgment by Plaintiffs, Defendant CMH Homes, Inc. ("CMH"), Defendant Vanderbilt Mortgage and Finance, Inc. ("VMF"), Defendant Skyline Corporation (Skyline), and Third-Party Defendant

Bob's Home Services, LLC ("Bob's"). Plaintiffs have moved to amend portions of that order. ECF No. 260. First, Plaintiffs assert that the Court committed a clear error of law in granting summary judgment to CMH and VMF on Counts Three, Four, and Six. Plaintiffs argue that the statute of repose found in West Virginia Code Section 46-2-725 is subject to equitable tolling. The Court rejected this argument, citing *Basham v. General Shale*, 377 S.E.2d 830, 835 (W. Va. 1988). The statute of repose provides that a breach of warranty occurs at delivery and the cause of action accrues when the breach occurs, regardless of the buyer's lack of knowledge. W. Va. Code § 46-2-725 (1963). This language expressly precludes a discovery rule. Because the buyer's lack of knowledge cannot operate to toll or extend the limitations period, preventing the buyer from learning of the breach would not toll the statute. But, a seller engaging in fraudulent conduct can still be held liable for common law fraud, as suggested by *Basham*. *Basham* recognized the viability of "a cause of action sufficient to avoid the four-year limitations period" based on allegations of fraud. *Basham*, 377 S.E.2d at 836. In its order, the Court held that Plaintiffs stated a sufficient claim for common law fraud and misrepresentation arising from the same factual basis and seeking the same relief as their Uniform Commercial Code claims. *See* ECF No. 259. Thus, Plaintiffs can proceed on their common law claims.

Plaintiffs also assert that the "future performance" exception in the statute of repose applies, contrary to the Court's ruling. Neither party could cite controlling West Virginia precedent on this issue, and Plaintiffs offer no stronger argument than that which the Court has already considered. Here, at most, the contract includes an express warranty that the mobile home would be free of defects in materials and workmanship for a period of ninety days from delivery. In the absence of clear authority indicating that this is a contract for future performance, the Court rejected Plaintiffs' argument and does so again. *See Williston on Contracts* § 52:46 (4th

ed. 1990); Howard Alperin & Roland Chase, *Consumer Law: Sales Practices and Credit Regulation* § 250 (1986).

Plaintiffs further contend that the Court erred in granting summary judgment to VMF on Count Four because the statute of repose is waived under West Virginia Code Section 46A–2–102. In support of their argument, Plaintiffs posit that *McCoy v. Southern Energy Homes, Inc.*, No. 1:09–1271, 2012 WL 1409533 (S.D. W. Va. Apr. 23, 2012) was wrongly decided.   The Court has already considered and rejected this argument.

Finally, Plaintiffs submit that their common law fraud and unfair trade practice claims against Skyline should not have been dismissed.  Skyline's contractual duties to Plaintiffs expressly exclude responsibility for any installation defects, yet Plaintiffs insist that Skyline knew, or should have known, of the installation defects in the mobile home and then withheld that information from Plaintiffs.  Plaintiffs have no witness who can testify that Skyline knew or should have known of the installation problems.   Proof that Skyline undertook some repairs after installation simply does not provide a basis for finding that Skyline in fact knew of, or should have discovered, the installation problems.   Plaintiffs rely upon speculation: because Skyline performed some repairs, it must have known that the source of the problems in the home was improper installation (for which it was not responsible) and it must have concealed this knowledge from Plaintiffs because it tried to make repairs.  Plaintiffs argue in their response to Skyline's motion for summary judgment that Skyline committed "fraudulent," "unfair," and "deceptive" acts, involving "concealment" of the nature of the home's defects.   ECF No. 217. "Concealment" implies knowledge and intentional suppression of that knowledge.   As explained above, Plaintiffs' evidence does not support such inferences.  For these reasons, Plaintiff's Motion to Alter or Amend is **DENIED**.

## II. Joint Motion to Alter or Amend the Court's Order

The Court previously decided that the Third Party Complaint against Bob's must be dismissed due to a binding arbitration provision in the applicable contract. Now, the remaining parties seek to avoid dismissal of Bob's and to require Bob's to participate in a proposed mediation conference. ECF No. 273. Bob's is entitled to enforce its arbitration agreement with CMH. Bob's may participate in mediation if it so chooses, but the Court has dismissed it as a party and will not order Bob's to do so. Accordingly, the motion is **DENIED**.

## III. Defendants' Motion to Strike

Defendants moved to strike Plaintiffs' "orally amended fraud and unfair or deceptive acts or practices claims." ECF No. 283. Defendants assert that Plaintiffs have so altered or added to their original claims that they have effectively, and improperly, attempted to amend the complaint. As made clear at the pretrial conference, the factual bases for Plaintiffs' various claims were well known by the Defendants such that no surprise or prejudice resulted. Upon review of the complaint, other pleadings, and the numerous motions with extensive memoranda arguing the substance of these claims, the Court finds that Plaintiffs' evidence does not require amendment of their pleadings. The motion is therefore **DENIED**.

## Conclusion

For the foregoing reasons, Plaintiff's Motion to Alter or Amend the Court's Memorandum Opinion and Order of December 19, 2014 (ECF No. 260), Joint Motion by CMH Homes, Inc., Vanderbilt Mortgage and Finance, Inc., and Plaintiffs to Alter or Amend this Court's December 19, 2014 Memorandum Opinion and Order, Order a Settlement Conference/Mediation, and Appoint a Mediator (ECF No. 273), and CMH Homes, Inc. and Vanderbilt Mortgage and Finance, Inc.'s Motion to Strike Plaintiffs' Orally Amended Fraud and Unfair or Deceptive Acts or

Practices Claims (ECF No. 283) are **DENIED**. The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

        ENTER:       February 10, 2015

        _____
        ROBERT C. CHAMBERS, CHIEF JUDGE