IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JONATHAN BEATTIE and
HEATHER BEATTIE,

                Plaintiffs,

v.                                CIVIL ACTION NO.   3:12-2528

CMH HOMES, INC., d/b/a LUV HOMES #760 and
VANDERBILT MORTGAGE AND FINANCE, INC.,

                Defendants,

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Defendant CMH Homes, Inc.'s Motion to Reconsider the Court's Memorandum Opinion and Order of December 19, 2014 (ECF No. 285) and Defendant Vanderbilt Mortgage and Finance, Inc.'s Motion to Reconsider the Court's Memorandum Opinion and Order of December 19, 2014 (ECF No. 287).   For the reasons outlined below, these motions are **DENIED**.

In its motion, Defendant CMH Homes, Inc. ("CMH") raises two arguments previously rejected by the Court.   First, CMH asserts that Plaintiff's revocation of acceptance claim, found in Count Two of the complaint, is barred by the four-year statute of repose applicable to breach of warranty claims.   The Court continues to disagree.   The express provisions of the revocation statute control: Plaintiffs must seek revocation "within a reasonable time after the buyer discovers or should have discovered the ground for it."  W. Va. Code § 46-2-608 (1963).   This language effectively imparts a discovery rule on one recognized claim, revocation, whereas other claims for breach of contract or warranty fall within the statute of repose.   To prevail on a claim for

revocation, Plaintiffs must prove a "nonconformity" that "substantially impairs" the value of the good and that Plaintiffs reasonably assumed would be cured by Defendant or that could not easily be discovered prior to acceptance. *See id.* Taking Plaintiffs' evidence in the light most favorable to them, Plaintiffs' asserted their right to revocation after learning that the mobile home was improperly installed, a nonconformity for which CMH was responsible but that it failed to cure. The Court thus rejects CMH's renewed argument.[1]

The second issue raised in CMH's motion concerns Plaintiffs' fraud and unfair practices claims, contained in Counts Nine and Ten of the complaint. CMH argues that Plaintiffs failed to address CMH's summary judgment arguments on these claims and then improperly amended the claims. The Court has rejected the latter argument by denying Defendant's motion to strike Plaintiffs' "orally amended" claims. *See* ECF No. 304. Upon review of the former argument, as to CMH's motion for summary judgment, the Court again rejects Defendant's position. The complaint alleges unfair or deceptive acts in the sale, installation, and repair of the mobile home, then refers to numerous unfair and deceptive acts listed in the unfair practices statute. *See* ECF No. 1, Ex. A. Plaintiffs developed evidence purporting to establish that CMH was required to use a licensed contractor to install the home but failed to do so, that the installation of the foundation and the mobile home were not completed in conformity with its specifications, and that CMH or its agents inadequately repaired the home, resulting in substantial defects in the quality of the home. Plaintiffs have thus raised genuine issues of fact with respect to their unfair practices claim sufficient to survive summary judgment.

With respect to Plaintiffs' fraud claim, Defendant misstates how fraud may be proven. For instance, evidence that Defendant had a duty to employ a licensed contractor but then chose an

---

1 Defendant also asserts that a "substantial change" in the condition of the mobile home precludes Plaintiffs' claim for revocation. Resolution of this issue depends on disputed facts as to the nature, cause, and extent of problems in the mobile home. It is thus not proper to resolve this matter at the summary judgment stage.

unlicensed one to install the mobile home could support a fraud claim. Plaintiffs have put forth sufficient evidence of such. Similarly, Plaintiffs have evidence that CMH discovered improper bolting at the marriage line but did not disclose to the Plaintiffs the nature and extent of the problems resulting from the improper installation. These claims all arise from disputed evidence, thus summary judgment on these claims was denied. For these reasons, CMH's motion to alter or amend the Court's order is **DENIED**.

Defendant Vanderbilt Mortgage and Finance, Inc. ("VMF") also filed a motion to alter or amend the Court's order. VMF raises two points. First, VMF adopts the arguments made by CMH in its motion with respect to Counts Two, Nine, and Ten. VMF argues that because Plaintiffs seek to hold it derivatively liable as the assignee of the promissory note between Plaintiffs and CMH, any claims dismissed as to CMH should also be dismissed as to VMF. As explained above, the Court rejects CMH's arguments and declines to grant CMH summary judgment on the revocation, fraud, and unfair practice claims. Thus, the Court also declines to grant summary judgment in favor of VMF on these claims.

Second, VMF argues that if the Court rejects CMH's motion and the Defendants' Motion to Strike (ECF No. 283), which the Court has done, the Court should grant VMF summary judgment on the amended fraud and unfair practices claims. VMF contends that "Plaintiffs are precluded from holding VMF derivatively liable as it relates to their Orally Amended Fraud Claim and Orally Amended UDAP claim because those claims pertain to conduct that occurred after the consumer credit sale on November 12, 2007." ECF No. 288. The Court disagrees with VMF's analysis. Section 46A-2-1-2 of the West Virginia Code does impose some limits on assignee liability. Most importantly, it limits the amount and type of damages that a buyer may recover from an assignee. W. Va. Code 46A-2-1-2 (1990). The provision does not, however, state that

an assignee is only liable for claims accruing before the consumer credit sale.[2] *See id.* Moreover, even if VMF's legal analysis is correct, VMF fails to recognize that in their complaint, motions, and other papers filed with the court, Plaintiffs assert fraud and unfair practice claims based on CMH's actions during the sale itself, in addition to actions taken after the sale. Plaintiffs may thus proceed on their claims against VMF. VMF's motion is **DENIED**.

For the foregoing reasons, CMH Homes, Inc.'s Motion to Reconsider the Court's Memorandum Opinion and Order of December 19, 2014 (ECF No. 285) and Vanderbilt Mortgage and Finance, Inc.'s Motion to Reconsider the Court's Memorandum Opinion and Order of December 19, 2014 (ECF No. 287) are **DENIED**. The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

        ENTER:        February 18, 2015

*[signature]*
ROBERT C. CHAMBERS, CHIEF JUDGE

---

[2] VMF also cites *One Valley Bank of Oak Hill v. Bolen*, 425 S.E.2d 829 (W. Va. 1992), for the proposition that Plaintiffs cannot recover damages beyond the original amount owed to the assignee based on a theory of fraud because the alleged fraud did not occur at the time of the consumer credit sale. As this argument primarily concerns damages, rather than liability, the Court declines to address it at this stage of the litigation.